UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
AMIR J. GOLDSTEIN on behalf of himself
and other similarly situated consumers                    ECF CASE
and in his individual capacity

                                                     09 CV 6369 (GEL)
                                 Plaintiff,

                -against-

DIVERSIFIED ADJUSTMENT SERVICE, INC

                           Defendant.
-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.      Plaintiff seeks redress for the illegal practices of Diversified Adjustment Service,

Inc. concerning the collection of debts, in violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

consumer debt.

4.      Upon information and belief, Diversified Adjustment Service, Inc. is a foreign

corporation.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly

owed by consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

### *Jurisdiction and Venue*

7.      This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this

district. Venue is also proper in this district since the defendant transacts business

in this district and the collection letter and telephone calls were directed into this

district.

### *Allegations Particular to Amir J. Goldstein*

9.      On information and belief, on a date better known by defendant, defendant began

attempting to collect an alleged consumer debt from the plaintiff.

10.     Consistently until the filing of the within complaint, Defendant left in excess of

twelve voice messages on plaintiff's answering machine.

11.     In each of said messages, Defendant failed to disclose that the messages were

from a debt collector. Defendant simply left messages advising plaintiff to call

back regarding an important matter.

12.     The said messages are in violation of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692e(11) and 1692e(10)  for failing to set forth the required statutory

language and for engaging in deceptive practices.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

13.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-12 as if set forth fully in this Cause of Action.

14.    This cause of action is brought on behalf of plaintiff and the members of a class.

15.    The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

16.    The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

17.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages (and the lack of an initial written communication) are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19.  If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20.   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

21.     The actions of the defendant violate the Fair Debt Collection Practices Act.

22.     Because the defendant violated of the Fair Debt Collection Practices Act, the

plaintiff and the members of the class are entitled to damages in accordance with the Fair

Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

   (a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

   (b)     Attorney fees, litigation expenses and costs incurred in bringing

          this action; and

   (c)     Any other relief that this Court deems appropriate and just under

          the circumstances.


## AS AND FOR A SECOND CAUSE OF ACTION

23.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8
        as if set forth fully in this Cause of Action.

24.     Plaintiff brings the within second cause of action in his individual capacity.

24.     Upon information and belief on a date better known to Defendant, Defendant
        began attempting to collect an alleged consumer debt from the Plaintiff.

25.     The alleged debt was purportedly owed by Plaintiff to Sprint incurred by
        Plaintiff's cell phone service with Sprint.

26.     During the third year of service provided to Plaintiff by Sprint, Plaintiff

        experienced poor cell phone reception, calls were frequently lost, and Plaintiff

        contacted Sprint in attempt to cancel service.

27.     During several of Plaintiff's attempts to cancel his cell phone service, Sprint

        disconnected the phone calls in order to avoid the cancellation of service.

28.     After several attempts, Plaintiff ultimately spoke with one of Sprint's

        representatives who assured Plaintiff that his cell phone service would be

        cancelled.

29.     Despite Plaintiff's cancellation of service, Plaintiff continued to receive bills in

        the mail from Sprint.

30.     When Defendant contacted Plaintiff regarding said alleged debt, Plaintiff advised

        Defendant's representative, Casey that he had disputed the debt.

31.     During said communication Defendant told Plaintiff that she saw on record that

        Plaintiff disputed the debt on April 27, 2009.

32.     Despite Plaintiff's dispute of said debt, Defendant told Plaintiff that Defendant

        had verified the debt with Sprint.

33.     During said conversation, Casey told Plaintiff that he still owes Sprint money on

        account of an "early termination fee" in the amount of $360.00 and that Sprint has

        the notes on the matter. Defendant told Plaintiff that the debt is due in full and the

        collection calls will continue.

34.     Plaintiff explained to Casey that an "early termination fee" was incorrectly

        charged as Plaintiff cancelled service during his third year of service, which was

        when Plaintiff was "no longer in contract" with sprint. Sprint can only charge a

consumer with an "early termination fee" when the consumer is currently in contract.

35.    In response to Plaintiff's said argument, Defendant quickly changed her mind and said something the extent of: "yeah, well we checked it out and verified it so you do owe it because the charges are valid."

36.    Plaintiff attempted again to explain that the charges were invalid and requested that "the notes" that Sprint had be forwarded to him.

37.    Casey replied that she did not have "the notes" but Sprint told her that the debt is valid and therefore the amount is due. Casey then proceeded to offer a settlement in the amount of $216.00 and told Plaintiff that if Plaintiff does not accept the settlement, the balance would be due in full and the collection calls would continue.

38.    Plaintiff's credit report now contains the information of the said debt owed by Plaintiff to Defendant, which Plaintiff disputed as false.

39.    Despite fact that Plaintiff disputed the debt, the Defendant failed to report the debt as disputed.

40.    The Defendant reported the debt as a public record when, upon information and belief, no judgment has been entered against the plaintiff.

41.    Defendant has engaged in unfair practices.

42.    Defendant's actions consist of false threats and false representation.

43.    Plaintiff suffered an anxiety attack caused by actions taken by Defendant.

43.    Defendant's actions are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692f, 1692e(10) and 1692g.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on

behalf of the members of the class, and against the defendant and award damages as follows:

      (d)     Statutory  and actual damages provided under the FDCPA, 15

             U.S.C. 1692(k);

      (e)     Attorney fees, litigation expenses and costs incurred in bringing

             this action; and

      (f)     Any other relief that this Court deems appropriate and just under

             the circumstances.

      Dated: Cedarhurst, New York
            June 29, 2009

        _____

        Adam J. Fishbein, P.C.  (AF-9508)
         Attorney At Law
          **Attorney for the Plaintiff**
          483 Chestnut Street
            Cedarhurst, New York 11516
           Telephone (516) 791-4400
            Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

        _____

        Adam J. Fishbein  (AF-9508)